UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------- x

FAMILY DELI MART CORP. and OMER HIDAIS,

                                 Plaintiffs,

            - against -

CITY OF NEW YORK, ERIC ADAMS, Mayor of the City of
New York, individually and in his official capacity, ANTHONY
MIRANDA, Sheriff of the City of New York, individually and
in his official capacity, PHILIP BANKS III, former Deputy
Mayor for Public Safety of the City of New York, individually
and in his official capacity, JOHN M. CHELL, Chief of
Department and former Chief of Patrol of the New York City
Police Department, individually and in his official capacity,
KAZ DAUGHTRY, Deputy Commissioner for Operations of
the New York City Police Department, individually and in his
official capacity, FRANCESCA ROSA, Lieutenant with the
Office of the New York City Sheriff, individually and in her
official capacity, MICHAEL THORP, Sergeant with the Office
of the New York City Sheriff, assigned Tax Number 592168,
individually and in his official capacity, TAISHA ACEVEDO,
New York City Police Officer, assigned Tax Number 968913,
individually and in her official capacity, SAMUEL ROSA,
New York City Police Officer, assigned Tax Number 975145,
individually and in his official capacity, DANIEL V. DAVILA,
Sergeant with the New York City Police Department, assigned
Tax Number 961723, individually and in his official capacity,
NELSON RODRIGUEZ, New York City Police Officer,
assigned Tax Number 961558, individually and in his official
capacity, VANESSA L. GIBSON, President of the Borough
of the Bronx, individually and in her official capacity, KRISTY
MARMORATO, Councilperson for the 13th District of the New
York City Council, individually and in her official capacity,
MICHAEL SMILOWITZ, General Counsel of the New York City
Department of Finance, individually and in his official capacity,
PRESTON NIBLACK, Commissioner of the New York City
Department of Finance, in his official capacity, JESSICA S. TISCH,
Commissioner of the New York City Police Department, in her
official capacity, VILDA VERA MAYUGA, Commissioner of the
New York City Department of Consumer and Worker Protection,
in her official capacity, JOHN/JANE DOE NEW YORK CITY

**UNSEALING ORDER**

25-CV-5739 (JAV)

EMPLOYEES AND AGENTS ## 1-30, whose identities are unknown but are believed to have been present for and participated in the warrantless and improperly executed search, seizure of currency and sealing of 4011 East Tremont Avenue, Store D on July 16, 2024, warrantless and improper seizure of a 2023 Lexus motor vehicle belonging to Omer Hidais, on July 16, 2024, and who made, issued, and published false, derogatory and defamatory statements of and concerning Plaintiffs with respect and related to the July 16, 2024 occurrences involving the Defendants at and about 4011 East Tremont Avenue, Bronx, New York,

Defendants.

-------------------------------------------------------------------------------  x

**WHEREAS,** the parties maintain that documents pertaining to the arrest and/or prosecution of two non-parties who were arrested at or around 4011 East Tremont Avenue on July 16, 2024 are relevant to this action, and whereas, upon information and belief, the charges against said individuals have been dismissed and sealed pursuant to N.Y.C.P.L. §160.50 and/or §160.55, and cannot be obtained or produced without an unsealing order;

**WHEREAS,** Plaintiff Family Deli Mart Corp., located at 4011 East Tremont Avenue in the Bronx was inspected by the New York City Sheriff's Office on July 16, 2024 and was issued an Immediate Order of Closure pursuant to New York State Cannabis Law § 138-b and New York City Administrative Code §§ 7-551 & 7-552;

**WHEREAS,** two individuals were arrested during the inspection and sealing of Family Deli Mart Corp., located at 4011 East Tremont Avenue, Bronx, New York on July 16, 2024 and the individuals' arrest records are sealed pursuant to New York Criminal Procedure Law ("CPL") § 160.50 and/or §160.55;

**WHEREAS** the Court has the inherent authority to unseal these records in connection with this action, *see Schomburg v. Bologna*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014)

("Federal courts can and commonly do order production of documents sealed under Section 160.50");

**IT IS HEREBY ORDERED** that Defendant's Motion to Unseal Records (ECF No. 76) is GRANTED.

**IT IS FURTHER ORDERED** that (1) all body worn camera recordings from all New York City Police Department personnel assigned to assist with the inspection of Family Deli Mart Corp., with conducting an inventory and vouchering any property, including, but not limited to, vehicles, currency, cannabis or controlled substances, at 4011 East Tremont Avenue in the Bronx on July 16, 2024, or with the arrest of any individuals at 4011 East Tremont Avenue in the Bronx on July 16, 2024; and (2) the New York City Police Department Omniform System Arrest Report(s) and New York City Police Department Complaint Report(s) (commonly referred to as "UF 61") for arrests that took place at 4011 East Tremont Avenue in the Bronx on July 16, 2024, which were ordered sealed pursuant to CPL §160.50 and/or §160.55 be unsealed pursuant to CPL § 160.50 and/or §160.55 and made available to Pardalis and Nohavicka, or its authorized representatives, and Muriel Goode-Trufant, the Corporation Counsel of the City of New York, or to her authorized representatives, for inspection, photocopying, and use in this federal action brought by Family Deli Mart Corp. and Omer Hidais;

**IT IS FURTHER ORDERED** that the City of New York, including the Office of the Corporation Counsel and the New York City Police Department shall not be bound by the statutory sealing requirements of CPL § 160.50 and/or §160.55 for all documents relating to and arising out of the arrest, detention, prosecution, and/or declination of prosecution of the non-party individuals arrested at 4011 East Tremont Avenue on July 16, 2024, as well as the criminal proceedings related to said arrest(s);

**IT IS FURTHER ORDERED** that the use of the above-referenced records is restricted to use in the above-entitled civil rights action and shall be protected by plaintiffs' counsel as confidential under the terms of the Protective Order entered in this case (ECF No. 75).

The Clerk of Court is directed to terminate ECF No. 76.

Dated: New York, New York
December 3, 2025

JEANNETTE A. VARGAS
U.S. DISTRICT JUDGE